## Williams v. Lawson.

(Decided September 19, 1913).

### Appeal from Knox Circuit Court.

Pleading—Supplying Lost Pleadings—Trial.—When the pleadings in an action are lost, it is improper for the court to compel one of the parties to try the case until the pleadings are supplied or found.

B. B. GOLDEN, JAMES D. BLACK, H. H. OWENS and PITZER D. BLACK FOR appellant.

R. S. ROSE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE HOBSON— Reversing.

On January 20, 1912, the plaintiff tendered in this case an amended petition to the filing of which the defendant objected and the court took time on the motion. On April 27, the case was submitted on the motion, and the amended petition was filed. The defendant on the same day filed answer to the amended petition. On the calling of the case on that day for trial, the defendant

moved for a rule against the clerk to produce the original papers, the petition and amendment thereto, answer, reply, motion to strike and reply; the rule was granted; the clerk appeared and answered under oath that he did not have the papers in his office or custody, but that the same were charged upon the records of his office to the plaintiff's attorney, R. S. Rose, as having been taken from his office on September 18, 1911, and that Rose's name was signed upon the record as having on that day received them. Thereupon Rose stated that he did not have the papers and did not know where they were, and could not produce them. The defendant's attorney objected to proceeding to trial unless the papers were produced or supplied. The court overruled the objection and required the case to go to trial on the amended petition filed on that day. Counsel for defendant stated to the court that if the original papers were found, they would show that this amended petition was a complete departure from the cause of action set out in the petition; but the court overruled the motion to strike out the amendment and stated that he had never seen or read or considered the original pleadings in the case. Counsel for defendant protested against trying the case in the absence of the pleadings and stated to the court that he would not participate in the trial unless the papers were produced or supplied. But the court over his objection, required the trial to proceed, and counsel for the defendant withdrew and declined to have anything further to do with the trial of the case. The court thereupon impannelled a jury, and the evidence for the plaintiff being heard, there was a verdict and judgment for the plaintiff. The defendant's motion for a new trial having been overruled, he appeals.

The first order in the case, made on November 23, 1909, shows that the plaintiff offered to file an amended petition to which the defendant objected. By the next order made on November 26, 1909, the amended petition was filed. By the next order made on January 31, 1910, the defendant filed an answer. On February 1, 1910, the plaintiff filed a general demurrer to the third paragraph of the answer and on the same day, he filed a reply to it. On February 17, he filed a demurrer to the second and third paragraphs of the answer, and on the same day the demurrers to the second and third paragraphs of the answer were overruled. On the next day the plaintiff moved the court to require the defendant to elect

whether he would rely on the defense set out in the first paragraph of his answer or that set out in the second and third paragraphs of the answer, and on the same day this motion was overruled. The above are the only orders made in the case, except some orders to procure the attendance of witnesses, and a motion by the plaintiff made on November 16, 1911, for judgment.

In the absence of the petition, answer and reply it cannot be intelligently determined whether the amended petition filed on April 27, 1912, should have been filed, and in the absence of the original pleadings, it cannot be determined what were the issues in the case. To try the case without these pleadings was in effect to try it without pleadings. Under the Code, a civil action is a demand by pleadings in a court of justice for the enforcement of an alleged right of a plaintiff against a defendant (Sec. 2); pleadings are statements by parties to an action of their cause of controversy (Sec. 87); parties must before trial form a material issue concerning each cause of controversy, and it is the duty of the court upon or without motion, to compel them to do so (Sec. 114); every pleading must be verified except as otherwise provided (Sec. 116). The purpose of the Code in requiring the cause of controversy to be set out in written pleadings is that the court may intelligently try the case and that the parties may intelligently prepare for trial; but, if after they have pleaded to an issue as in this case, the court may require them to try the case without the pleadings, the provisions of the Code above referred to, would be entirely defeated of their purpose.

There is nothing in the record to indicate that the defendant was in any way responsible for the loss of the papers. The court may by process of contempt or other proper proceeding, amply protect itself where one of the parties, to delay a trial, suppresses the papers; but the case cannot be tried on the merits in the absence of the record, until the record is supplied. The circuit court erred in directing the trial to proceed when the original papers were lost, and had not been supplied.

Judgment reversed and cause remanded for a new trial and further proceedings consistent herewith.